UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARON ROBINSON,

           Plaintiff,

   v.

DEPARTMENT OF VOCATIONAL REHABILITATION, *et al.*,

           Defendants.

CASE NO. 3:22-cv-05098-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: APRIL 22, 2022

This matter is before the Court on referral from the District Court and on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 1.

The Court provided plaintiff, who is proceeding *pro se*, an opportunity to amend her proposed complaint due to her deficient federal law claims. *See* Dkt. 4. Plaintiff filed her proposed amended complaint on March 23, 2022. *See* Dkt. 5. However, the amendment proved to be futile because plaintiff's proposed amended complaint again fails to state a claim upon which relief can be granted. Therefore, the Court declines to offer plaintiff another opportunity to

REPORT AND RECOMMENDATION - 1

1 amend and recommends that this matter be dismissed without prejudice and that the case be
2 closed. As such, plaintiff's IFP motion is denied as moot.

**BACKGROUND**

Plaintiff initiated this action on February 16, 2022, when she filed a motion to proceed IFP and a proposed complaint. *See* Dkt. 1. Plaintiff's action appears to arise out of an employment dispute. At the core of plaintiff's action are state law claims for employment discrimination, sexual harassment, and wrongful termination. *See* Dkt. 1-1 at 5. Plaintiff previously attempted to bring an action based on these claims in this district, but her application to proceed IFP was denied by the District Court because plaintiff failed to establish federal question jurisdiction. *See* Case No. 3:17-cv-05933-RBL, Dkts. 2, 4. This time around, plaintiff's proposed complaint included claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). *See* Dkt. 1-1 at 5.

On February 25, 2022, this Court reviewed plaintiff's proposed amended complaint and ordered her to show cause or amend her proposed complaint due to her deficient federal claims. *See* Dkt. 4. On March 23, 2022, plaintiff filed a proposed amended complaint. Dkt. 5. Plaintiff names the Emerald Queen Casino, Department of Vocational Rehabilitation, and Greater Lakes Mental Counseling as defendants. *Id.* at 1–2. Plaintiff alleges these defendants have violated her rights under the Health Insurance Portability and Accountability Act ("HIPAA") and the ADA. *Id.* at 5–9. She also alleges that these defendants have violated Washington State law for disclosure of medical information and unfair business practices. *Id.* at 10, 12. Plaintiff seeks $5,000,000.00 in damages. *Id.* at 7.

///

///

**DISCUSSION**

## I.  Legal Standard

When a plaintiff seeks to proceed IFP, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss the case "at any time" if the case is "frivolous or malicious" or the complaint "fails to state a claim upon which relief may be granted[.]" To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When a plaintiff is proceeding *pro se*, the Court must construe the pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II.  HIPAA Claims

Plaintiff alleges that the Department of Vocational Rehabilitation and Greater Lakes Mental Counseling violated her rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Dkt. 5 at 6, 11. However, HIPAA does not provide a private right of action and a violation under the act cannot form the basis for a § 1983 claim. *See Webb v. Smart Document Sols. LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action."); *see also Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action"); *Sneed v. Pan Am Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) (same). Therefore, plaintiff cannot bring a HIPAA claim in federal court.

## III.  ADA Claims

Plaintiff alleges that the Department of Vocational Rehabilitation and Emerald Queen Casino violated her rights under the ADA. *See* Dkt. 5 at 6, 9–10.

1                          **A. Claim against the Department of Vocational Rehabilitation**

2          Title II of the ADA states that "no qualified individual with a disability shall, by reason

3 of such disability, be excluded from participation in or be denied the benefits of the services,

4 programs, or activities of a public entity, or be subjected to discrimination by any such entity."

5 *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (quoting 42 U.S.C. § 12132). To

6 prove that the ADA was violated, a plaintiff must show: (1) that she is an individual with a

7 disability; (2) she is otherwise qualified to participate in or receive the benefit of some public

8 entity's services, programs, or activities; (3) she was either excluded from participation in or

9 denied the benefits of the public entity's services, programs, or activities, or was otherwise

10 discriminated against by the public entity; and (4) such exclusion, denial of benefits, or

11 discrimination was by reason of her disability. *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114

12 F.3d 976, 978 (9th Cir. 1997).

13         Plaintiff's proposed amended complaint does not allege any facts to support an ADA

14 claim against the Department of Vocational Rehabilitation. She does not allege that she was

15 excluded from participation or denied the benefits of its services, programs, or activities, and

16 does not allege that she was discriminated against due to a disability. It appears that her claim

17 against this defendant is based entirely on an alleged disclosure of her medical information to

18 Emerald Queen Casino, which she claims violated her HIPAA rights. *See* Dkt. 5 at 9. However,

19 that is not enough to state a viable ADA claim. Therefore, plaintiff's proposed amended

20 complaint fails to state an ADA claim against the Department of Vocational Rehabilitation.

21                               **B. Claim against the Emerald Queen Casino**

22         To state an ADA claim against an employer, a plaintiff must allege that: (1) she was

23 disabled within the meaning of the ADA; (2) she was able to perform the essential functions of

24

the job with or without reasonable accommodation; and (3) that she suffered an adverse employment decision because of her disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

Plaintiff does not allege enough facts to support an ADA claim against Emerald Queen Casino in her proposed amended complaint and merely provides conclusory statements that lack support. *See* Dkt. 5 at 6 ("American Disability Act – violation for employer to fire[,] demote, [] harass[,] and failure to accommodate."). Plaintiff does not state what the adverse employment decision was or what reasonable accommodation she requested that was denied. In fact, plaintiff appears to base her ADA claim on defendant's failure to prevent sexual harassment and racial discrimination. *See* Dkt. 5 at 9, 10. Plaintiff also alleges that the events giving rise to her claims began when she complained of a hate crime, inappropriate comments, and harassment at work. *Id.* at 6. Based on the facts alleged, it is not clear how plaintiff suffered an adverse employment decision due to a disability. Thus, plaintiff has failed to state a viable ADA claim against Emerald Queen Casino.

This Court previously afforded plaintiff an opportunity to amend her ADA claim. *See* Dkt. 4 at 4. However, the amendment proved to be futile. Therefore, the Court declines to provide plaintiff another opportunity to amend.

**IV.  State Law Claims**

Plaintiff's proposed amended complaint contains claims under Washington state law. *See* Dkt. 5 at 9–10. When the Court has original jurisdiction over a case, the Court also has supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). However, because plaintiff fails to state a viable federal claim, plaintiff has not

established federal question jurisdiction that would allow this Court to have supplemental jurisdiction over her state law claims. As such, the Court declines to determine whether plaintiff's proposed complaint states viable state law claims.

## CONCLUSION

The undersigned recommends that this matter be dismissed without prejudice and denies plaintiff's motion to proceed IFP (Dkt. 1) as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 22, 2022**, as noted in the caption. The Clerk is also directed to send a copy of this Report and Recommendation to plaintiff.

Dated this 6th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge