UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARON ROBINSON,<br><br>                Plaintiff,<br>   v.<br><br>DEPARTMENT OF VOCATIONAL REHABILITATION, EMERALD QUEEN CASINO HOTEL, EMERALD QUEEN CASINO, and GREATER LAKES MENTAL COUNSELING,<br><br>                Defendants. | CASE NO. 22-cv-5098 RJB-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 6. The Court has considered the Report and Recommendation and the remaining record.

**FACTS**

On February 16, 2022, the Plaintiff, acting *pro se*, filed this case against various Defendants in connection with time she spent as an employee at the Emerald Queen Casino ("casino"). Dkt. 1-1. She also filed an application to proceed *informa pauperis* ("IFP"). Dkt. 1.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1   After screening her proposed complaint and giving her notice of its deficiencies, the Plaintiff was
2   given an opportunity to file a proposed amended complaint (Dkt. 4), which she did (Dkt. 5).
3         The Plaintiff's proposed amended complaint (Dkt. 5) is difficult to decipher.  She alleges
4   that the Department of Vocational Rehabilitation violated her Health Insurance Portability and
5   Accountability Act ("HIPPA") rights and the Americans with Disabilities Act ("ADA") when it
6   disclosed that she had a mental health disorder to help her get employment at the casino.  Dkt. 5.
7   She alleges that she complained of a hate crime at work in 2015, that of being shown a black face
8   cartoon, and in 2016, received "inappropriate comments" and was harassed.  *Id*.  The Plaintiff
9   asserts claims against the casino based on HIPPA, ADA, for "harassment/sexual harassment,"
10  and "unfair business practices."  *Id*.  She seeks $5,000,000 in damages.  *Id*.
11        The Report and Recommendation was filed on April 6, 2022.  Dkt. 6.  It recommends (1)
12  finding that the proposed amended complaint fails to state a claim, (2) denying the Plaintiff's IFP
13  application, and (3) dismissing the case without prejudice.  *Id*.  It properly points out that there is
14  no private right of action under HIPPA, and that she has again failed to plead any facts to support
15  a claim for violation of the ADA.  *Id*.  To the extent that the Plaintiff attempts to bring claims
16  under state law, the Report and Recommendation recommends this Court dismiss all federal
17  claims and decline to exercise supplemental jurisdiction over her state law claims.  *Id*.  The
18  Plaintiff did not file objections to the Report and Recommendation.

19  **DISCUSSION**

20        The Report and Recommendation should be adopted.  In addition to the grounds provided
21  in the Report and Recommendation, to the extent that the Plaintiff is asserting a federal claim for
22  racial discrimination (related to being shown a "black face cartoon") or sexual harassment
23  pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), those claims are subject to
24

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

dismissal without prejudice for lack of subject matter jurisdiction. The events on which the Plaintiff bases her claims appear to have occurred in 2015 and 2016.

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a). Before filing a lawsuit under Title VII, an employee must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC") or the appropriate administrative state agency. 42 U.S.C. § 2000e-5. Generally, charges alleging discrimination under Title VII must be filed with the EEOC within 180 days from the date that the alleged discriminatory act occurred. 42 U.S.C. § 2000e-5(e)(1). In order to for this court to have subject matter jurisdiction over her Title VII claim, the Plaintiff is required to exhaust these administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

To the extent that the Plaintiff is asserting federal claims under Title VII for racial or sexual harassment, the Plaintiff has failed to plead that she has timely exhausted her administrative remedies. Accordingly, her federal Title VII racial or sexual harassment claims are subject to dismissal without prejudice for lack of subject matter jurisdiction.

As stated in the Report and Recommendation, the proposed federal claims either fail to state a claim upon which relief can be granted or the Court lacks jurisdiction to consider them. Additionally, the Court should decline to exercise supplemental jurisdiction over the state law claims.

The Report and Recommendation (Dkt. 6) should be adopted, the Plaintiff's IFP application (Dkt. 1) denied, and the case dismissed without prejudice.

**IT IS SO ORDERED**.

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2   to any party appearing pro se at said party's last known address.
3   Dated this 27th day of April, 2022.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4